Drexel Don Gaffney v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-03-040-CR

2-03-041-CR

DREXEL DON GAFFNEY, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Drexel Don Gaffney, Jr., entered an open plea of guilt to aggravated robbery with a deadly weapon.  He also pleaded true to allegations that he had violated the terms of his probation for a prior robbery.  The trial court conducted a punishment hearing and, following the hearing, sentenced Gaffney to 45 years’ confinement for the aggravated robbery and to six years’ confinement for the robbery, to be served concurrently.  We affirm.

II.  Procedural Background & Independent Review of the Record

Gaffney’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  We have conducted an independent review of the record and have determined just that.

Gaffney entered an open plea of guilty, so he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his pleas, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdiction defects, the voluntariness of Gaffney’s plea, potential error occurring before Gaffney’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court has jurisdiction over the case.  See 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004).  Further, the indictment conferred jurisdiction on the trial court and provided Gaffney with sufficient notice.  
See
 Tex. Const.
 art. V § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The written plea admonishments as well as the plea colloquy between the trial court and Gaffney indicate that Gaffney’s pleas were made freely and voluntarily.  Nothing in the record would support a claim that Gaffney’s plea was involuntary.

No objection was lodged to any of the evidence presented to the trial court at the plea hearing.  The sentence assessed by the trial court for each offense is within the punishment range provided for by law.  See 
Tex. Penal Code Ann.
 §§ 12.32, 12.33, 29.02(b), 29.03(b) (Vernon 2003).  The sentence was based on admissible evidence provided by the State and Gaffney.  We discern no reversible error during the punishment phase.

III.  Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

IV.  Gaffney’s Pro Se Brief

This court provided Gaffney the opportunity to file a pro se brief.  Gaffney filed a pro se brief raising three points.  Two of Gaffney’s points pertain to the judgment entered in our appellate cause number 2-03-042-CR.  Gaffney does not make this complaint concerning the judgments entered in the two appeals at issue here.  We concluded in appeal number 2-03-042-CR that Gaffney was entitled to have his complaints about the judgment raised in a brief on the merits and, accordingly, we abated that appeal and remanded that case to the trial court for a hearing.

In his third point, applicable to the present appeals, Gaffney claims his trial counsel was ineffective.  Specifically, Gaffney claims that his trial counsel was ineffective by allowing the trial court to violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by advising him to plead guilty to an agreement which was issued by a non-jurisdictional court.  Gaffney entered an open plea of guilt after signing written admonishments and receiving verbal admonishments from the trial court. Nothing in the record before us supports Gaffney’s claim that his rights under the Fifth, Sixth, or Fourteenth Amendments to the United States Constitution were violated.

Turning 
to Gaffney’s ineffective assistance of counsel claim, we apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his 
counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  
Applying this standard, the record before us does not support Gaffney’s claim that his counsel was ineffective.  We overrule Gaffney’s second point.

V.  Conclusion

Based on our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant counsel’s motion to withdraw on appeal and having overruled Gaffney’s arguable points, we affirm the trial court’s judgments.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.